**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BERNARDINA L. DE VERA, a.k.a
GRACE OCAMPO
              Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 10-70838

Agency No. A072-690-262

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Bernardina L. De Vera, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and voluntary departure. We have jurisdiction under 8

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo its legal conclusions. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We deny the petition for review.

De Vera contends that a member of the New People's Army ("NPA") threatened and pursued her because he wanted to marry her, but she refused because she was against the principles of the NPA. Substantial evidence supports the agency's conclusion that De Vera failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992); *cf. Deloso v. Ashcroft*, 393 F.3d 858, 864-66 (9th Cir. 2005) (Filipino anti-communist was targeted on account of both political opinion and revenge). Accordingly, De Vera's asylum and withholding of removal claims fail.

In addition, De Vera's claim that the BIA required her to produce a valid passport to be eligible for voluntary departure is belied by the record. In accordance with 8 U.S.C. § 1229c(b) and 8 CFR § 1240.26(b)(3), (c)(2), the BIA required De Vera to provide unexpired travel authorization. Additionally, we reject De Vera's claim that the BIA violated her due process rights by imposing a new proof requirement without prior notice because it is not supported. *See Lata v.*

*INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error to establish a

due process violation); 8 U.S.C. § 1229c(b)(1)(D); 8 C.F.R. § 1240.26(c)(2).

**PETITION FOR REVIEW DENIED**.